# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Moses Anderson, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Mildred Billups, victim; Tony Billups, )<br>witness; Carolyn Frierson, witness; )<br>Doug Rideway, law enforcement; Joe )<br>Bradham, law enforcement; John C. Land; )<br>Joe Wick; Manning Police Department; )<br>Barbara Tiffin; Harold W. Detwiler; City )<br>of Manning, South Carolina; Judge Anthony )<br>Harris; Clarendon County, South Carolina; )<br>and Gary Richburg; )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 4:09-2267-PMD<br><br><br><br><br><u>**ORDER**</u> |

This matter is before the court upon Plaintiff Willie Anderson's ("Plaintiff") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court dismiss Plaintiff's complaint without prejudice and without issuance and service of process for failure to state a claim upon which relief can be granted. The Magistrate Judge also recommended the court deem this case a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915. Having reviewed the entire record, including Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

## **BACKGROUND**

Plaintiff, an inmate at Allendale Correctional Institute, filed this civil rights action pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915. In his *pro se* complaint, Plaintiff names as defendants various individuals and entities who were associated with a criminal case

brought against him. Plaintiff provides a detailed account of his activities on October 8, 1989, the date on which several crimes for which he was subsequently found guilty occurred. Plaintiff claims that he is actually innocent of the crimes and alleges that the various defendants involved in the investigation and prosecution of his criminal charges have violated his constitutional rights.

Plaintiff asserts a slander cause of action against the following witnesses who testified against him at trial: Mildred Billups, the victim of the crimes that occurred on October 8, 1989, Tony Billups, Mildred Billups' nephew, Carolyn Frierson, and Gary Richburg. According to Plaintiff, all of these witnesses falsely accused him of robbery and assault, and they must compensate him for the damages he has suffered. Plaintiff sues Officer Doug Rideway and Investigator Joe Bradham for "false arrest and false statement." Plaintiff claims Investigator Bradham offered to administer a lie detector test for him, but he never provided Plaintiff with an opportunity to take the test. Plaintiff also sues Attorney Harold W. Detwiler, his defense counsel, for ineffective assistance of counsel based on allegations that Mr. Detwiler failed to discuss his case with him, failed to take pictures of the crime scene, failed to obtain a report from the hospital regarding the victim's condition, failed to call witnesses from his place of employment, failed to investigate his alibi defense, and failed to present evidence of innocence. Plaintiff also sues John C. Land, Joe Wick, the Manning Police Department, and Barbara Tiffin. Plaintiff states that he went back to court on March 15, 1995 for a post-conviction relief hearing, in which Barbara Tiffin represented the Attorney General's Office and John C. Land represented Plaintiff. Joe Wick owns Mideastern Truck Wash in Manning, South Carolina, where Plaintiff worked at the time of the crimes, and Plaintiff believes Wick withheld evidence from police that could have aided his case.

Plaintiff also sues Judge Anthony Harris, the judge who presided over Plaintiff's criminal

trial, for making racial remarks to his mother during the criminal proceedings. According to Plaintiff, Judge Harris told Plaintiff's mother, "Your boy has been getting into trouble all his life," and Plaintiff believes Judge Harris's use of "boy" to refer to him constitutes a racial remark in violation of his constitutional rights. Finally, Plaintiff sues the City of Manning, the Manning Police Department, and Clarendon County for essentially false arrest and false imprisonment. Plaintiff seeks monetary damages for these alleged violations and asks the court to freeze each Defendants' bank accounts until he is compensated. Plaintiff also asks the court to remove the criminal charges from his record and grant him relief due to his actual innocence.

After reviewing Plaintiff's compliant, the Magistrate Judge recommended that it be dismissed without prejudice and without issuance and service of process for failure to state a claim on which relief may be granted . In addition to this recommendation, the Magistrate Judge believed Plaintiff's complaint to be frivolous; therefore, he recommended it be deemed a strike pursuant to § 1915(g).

## **STANDARD OF REVIEW**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v.*

*Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **ANALYSIS**

As noted above, Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Supreme Court has held:

> [T]he *in forma pauperis* statute, unlike Rule 12(b)(6), accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (internal quotation omitted). Pursuant to this statute, the Magistrate Judge reviewed Plaintiff's complaint and recommended that it be dismissed for failure to state a claim on which relief could be granted. The Magistrate Judge considered Plaintiff's constitutional claims premature because they arise from his 1989 arrest and 1990 conviction, which have yet to be overturned through either direct appeal, post-conviction relief, a writ of habeas corpus, or otherwise. The Magistrate Judge found that a court previously rejected Plaintiff's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a ruling that Plaintiff did not appeal, and

4

that Plaintiff filed another § 2254 petition in June of 2007, but it was dismissed without prejudice because of Plaintiff's failure to bring the case in proper form. As such, the Magistrate Judge believed Plaintiff could not pursue his claims in this matter, and this court agrees.

The Supreme Court has explained:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In his objections, Plaintiff does not contest the fact that his conviction has not been overturned; rather, he argues that he has only filed one writ of habeas corpus rather than two. Therefore, the court finds that Plaintiffs's claim of actual innocence based on the Defendants' allegedly unconstitutional conduct necessarily implies the invalidity of his conviction, and it dismisses Plaintiff's complaint. As already explained, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citation omitted). Accordingly, *Heck* bars Plaintiff's current attempt to seek monetary damages based on his actual innocence. In his objections, Plaintiff expresses frustration over the fact that he cannot pursue his claims against Defendants, but

5

the law states that until he can prove to the court that he successfully litigated a habeas action—in other words, until a court finds that his conviction and confinement were in fact wrongful—the court cannot find that individual persons owe him money damages for their role with respect to that conviction. Since the court adopts this recommendation of the Magistrate Judge, the court does not address the Magistrate Judge's findings about the merits of Plaintiff's claims.

Lastly, the Magistrate Judge found Plaintiff's complaint frivolous and vexatious, and recommended that it be deemed a strike under §1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A court can find a frivolous claim from a complaint which lacks "an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In making his recommendation to issue a strike against Plaintiff, the Magistrate Judge noted that Plaintiff previously filed this same lawsuit against these same defendants in 2006, seeking damages based on their involvement in his arrest and criminal prosecution, and in that case, the court dismissed Plaintiff's compliant and informed him that his conviction had to be overturned before he could proceed with his § 1983 action. *Anderson v. State of South Carolina*, 4:06-CR-3338-GRA. Because Plaintiff has already had his claims addressed and was made aware of the law surrounding his situation, the court agrees that Plaintiff's complaint in this action is frivolous and vexatious. Therefore, the court deems this case a strike against Plaintiff.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's complaint is **DISMISSED**, without prejudice and without issuance and service of process. It is further **ORDERED** that this case be deemed a **STRIKE** for purposes of the "three strikes rule" under 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**February 5, 2010**
**Charleston, SC**